UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CORY ALLEN | CIVIL ACTION NO. 18-0420 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROYAL TRUCKING COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Defendant Royal Trucking Company's ("Royal") Magistrate Appeal (Record Document 152) of Magistrate Judge Hornsby's Memorandum Order (Record Document 151), wherein he granted in part and denied in part Royal's Motion for Leave to Conduct Additional Discovery (Record Document 140). Plaintiff Cory Allen ("Plaintiff") and Defendant Kansas City Southern Railway Company ("KCS") oppose the appeal. See Record Documents 155 and 156. For the reasons set forth below, Magistrate Judge Hornsby's order is **AFFIRMED**.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1. Magistrate Judge Hornsby's Memorandum Order is an order on a non-dispositive matter that requires the district court to uphold the ruling unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir. 1992). This Court reviews the Magistrate Judge's legal conclusions *de novo* and reviews his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005).

In this case, the Court finds that Magistrate Judge Hornsby's order granting in part and denying in part Royal's Motion for Leave to Conduct Additional Discovery was neither clearly erroneous nor contrary to law. In the order, Magistrate Judge Hornsby allowed several of Royal's deposition and subpoena requests, but denied its request for a Rule 30(b)(6) deposition of KCS, the latter of which is the subject of the instant appeal. See Record Document 151 at 1; 152-1 at 1. Royal objects that Magistrate Judge Hornsby's order was erroneous for several reasons, including, *inter alia*, that it is entitled to depose a representative of KCS in order to mount a defense against KCS' liability claims and pending Motion for Summary Judgment (Record Document 142), as well as explore other areas of inquiry, including vocational rehabilitation and job placement services provided by KCS. See Record Document 152-1 at 2–3.

Regarding Royal's objections to Magistrate Judge Hornsby's order, Royal largely repeats its arguments made in support of its original Motion to Conduct Additional Discovery, in addition to new arguments it raises in its appeal, none of which warrant a different result here. First, Magistrate Judge Hornsby did not err in determining that Royal's 30(b)(6) deposition request was not proportional to the needs of the case at this stage of the litigation as substantial discovery has already been produced and multiple continuances have been granted. Indeed, the Court was mindful of these circumstances when it previously reopened discovery to allow Royal's new counsel time to review the produced discovery and determine "whether any limited, additional discovery [would be] required." Record Document 116 at 1 (emphasis added).[1] Instead, Royal's notice of

---

[1] The Court also stated that "[a]bsent extraordinary circumstances, the court does not intend to grant any further delays or extensions of time." Record Document 116 at 2.

deposition contained numerous requests concerning areas of inquiry that much of the discovery had previously addressed, including information relating to the locomotive involved in the collision and KCS' rules and policies regarding its operations and training of employees. See Record Document 140-11 at 5–8. Even assuming such information would be relevant to Royal's defenses against KCS' claims for liability, Magistrate Judge Hornsby was not clearly erroneous in applying the factors set forth in Rule 26(b)(1) to conclude that the burden of Royal's request to depose corporate representatives of KCS outweighed its potential benefit given the aforementioned circumstances.

Furthermore, Royal's contention that it is entitled to depose a representative of KCS regarding vocational rehabilitation and job placement services provided by KCS is equally without merit. Not only does Royal fail to provide any meaningful argument as to why said information is necessary for it to prepare its defense to Plaintiff and KCS' claims for liability at trial, but it also failed to include either area of inquiry in its Revised Notice of 30(b)(6) Deposition or Motion to Conduct Additional Discovery. As such, Royal cannot raise these issues now. For the same reason, the Court also rejects Royal's additional claim, which it alleges for the first time in its reply brief to the instant appeal, that because it "has learned that [Plaintiff] had preexisting back issues prior to this accident," it is entitled to depose a KCS representative regarding KCS' knowledge of said conditions before the accident. Record Document 159 at 3. Thus, as with its previous objections noted above, Royal's new arguments likewise fail to demonstrate that Magistrate Judge Hornsby's order was clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that Royal's Magistrate Appeal (Record Document 152) is **DENIED** and Magistrate Judge Hornsby's Memorandum Order (Record Document 151) is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Royal's Motion for Oral Argument (Record Document 159) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of June, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT