UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| COREY ALLEN | CIVIL ACTION NO. 18-420 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROYAL TRUCKING COMPANY, EMMETT BATTLE, KANSAS CITY SOUTHERN RAILWAY COMPANY, AND THE CHEROKEE INSURANCE COMPANY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment (Record Document 132) filed by Defendant Royal Trucking Company ("Royal"). Royal's motion seeks dismissal of Plaintiff Cory Allen's ("Plaintiff" or "Allen") and Cross-Claimant Kansas City Southern Railway Company's ("KCS") claims of "negligent hiring, training, instruction, supervision, following and enforcing proper procedures, rules, and industry standards, entrustment, and retention and unknown alleged violations of federal law, regulation and rules." Record Document 132. Royal contends the claims of direct negligence against it must be dismissed because Royal has stipulated that its employee, Emmett Battle ("Battle"), was acting within the course and scope of his employment at the time of the incident. For the reasons set forth below, Defendant's motion is hereby **GRANTED.** Plaintiff and KCS's claims for negligent hiring, training, and supervision against Royal are **DISMISSED.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 22, 2018, Plaintiff was working as an engineer on a KCS train. Plaintiff became injured when Royal's tractor-trailer, driven by Battle, collided with the train. See Record Document 1. Plaintiff filed claims against Royal and Battle for Battle's

negligent operation of the tractor trailer, Royal's negligent entrustment, and Royal's negligent hiring of Battle. See id. at 3. Pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51, Plaintiff also filed a claim against his employer, KCS, for failing to provide a safe workplace. See id. KCS, in its answer to Allen's Complaint, filed a cross claim against Royal asserting Royal's negligent hiring, training, and supervision in addition to Battle's negligent operating caused Allen's injuries. See Record Document 5.[1]

On April 8, 2020, pursuant to an order by Magistrate Judge Hornsby, Royal stipulated that Battle was acting within the course and scope of his employment with Royal when the incident occurred. See Record Document 131. Royal then filed the instant Motion for Partial Summary Judgment on April 9, 2020. See Record Document 132. Plaintiff and KCS filed responses opposing the motion. See Record Documents 136 & 137. Plaintiff and KCS urge this Court to refrain from deciding the present motion until Royal has fully complied with Magistrate Judge Hornsby's order to contact all counsel regarding whether liability or course and scope will be an issue going forward. To date, Royal has stipulated to course and scope but has failed to explicitly state a position on liability.

**LAW AND ANALYSIS**

**I.    Summary Judgment Standard**

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of

---

[1] Plaintiff subsequently filed an Amended Complaint (Record Document 20) realleging the previous claims while adding defendant Cherokee Insurance Company.

rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

Rule 56 of the F.R.C.P. provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." F.R.C.P. 56(e)(3).

If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (U.S. 1986); see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d 1069, 1075 (5th Cir. 1994).

II. Analysis

Louisiana Civil Code article 2320 states in relevant part that "masters and employers are answerable for the damage occasioned by their servants and overseers,

in the exercise of the functions in which they are employed." La. C.C. art. 2320. Essential to establishing this theory of vicarious liability is determining whether the employee's negligence occurred within the course and scope of his employment. See Olmeda v. Cameron Intern. Corp., 139 F.Supp.3d. 816, 834 (E.D. La. 2015). Because of its stipulation to course and scope, Royal has confirmed that it is vicariously liable for Battle's potential negligent conduct. However, Royal argues that because it has accepted responsibility for Battle, it cannot be held liable for negligent hiring, training, and supervision as claimed by Plaintiff and KCS. See Record Document 132.

Royal relies on this Court's previous holding in *Dennis v. Collins* to support its theory that all direct negligence claims must be dismissed. In *Dennis*, Collins, an employee of Greyhound, was driving a bus when he collided with Dennis's vehicle. See Dennis v. Collins, 2016 WL 6637973 (W.D. La. 11/9/16). Dennis filed a claim against Collins for negligent driving and against Greyhound for negligent supervision, teaching, and training of Collins. See id. at *1. Greyhound moved for partial summary judgment arguing that negligent training and supervision causes of action against an employer are "subsumed within a negligence cause of action against the employee" if it is clear the employee acted negligently in the course and scope of employment. Id. at *4. This Court, agreeing with Greyhound's argument, held that a plaintiff may not simultaneously maintain independent causes of action in tort against both an employee and an employer for the same incident when the employer stipulates that the employee acted within the course and scope of employment. See id. at *7.

In further explanation of its holding in *Dennis*, this Court also relied on *Libersat v. J & K Trucking, Inc.*, from the Louisiana Third Circuit Court of Appeal. See Libersat v. J &

K Trucking, Inc., 00-00192 (La. App. 3 Cir. 10/11/00); 772 So.2d 173. *Libersat* involved a trailer driver who collided with Mr. Libersat when the trailer driver attempted to make a U-turn. See id. at 174. In the appellate court, Mr. Libersat's surviving spouse argued that the trial court failed to properly instruct the jury on the employer's potential liability for improper hiring and training. See id. at 178. The *Libersat* court reasoned, however, that if the driver-employee was not found negligent "then no degree of negligence on the part of [the employer] in hiring [the driver] would make [the employer] liable to the Appellants." Id. This Court interpreted the Third Circuit's decision to mean that a complete lack of training or supervision could not be the but-for or legal cause of Dennis's injuries absent some level of negligence on the part of the employee. See Dennis, 2016 WL 6637973 at *7.

As in *Dennis*, the present motion for partial summary judgment requires the Court to answer whether there is a genuine issue of material fact on each element of Plaintiff and KCS's negligent hiring, training, and supervision claims against Royal. This Court finds there is no genuine issue of material fact as to the elements of cause-in-fact or legal cause regarding the negligent hiring, training, and supervision claims. Royal's liability to Allen for the injuries he suffered hinges on whether Battle acted negligently. In other words, if the trier of fact finds Battle's negligence to be the cause-in-fact and legal cause of the harm suffered by Allen, then Royal is negligent. If Battle is not negligent, then no amount of negligence on the part of Royal in hiring, training, and supervising Battle could have been the cause-in-fact or legal cause of Allen's injuries. Royal's Motion for Partial summary Judgment is **GRANTED**.

## CONCLUSION

Based on the foregoing reasons, Royal's Motion for Summary Judgment (Record Document 132) is hereby **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 8th day of October, 2020.

/s/ Maurice Hicks
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT