**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| CORY ALLEN | CIVIL ACTION NO. 18-0420 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ROYAL TRUCKING COMPANY, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are: (1) a Motion for Summary Judgment filed by Defendant and Cross-Claimant Kansas City Southern Railway ("KCS") (Record Document 142); (2) a Motion to Strike filed by Defendant and Cross-Defendant Royal Trucking Company ("Royal") (Record Document 168); and (3) a Motion to Strike filed by KCS (Record Document 179). For the following reasons, KCS's Motion for Summary Judgement is **DENIED**, Royal's Motion to Strike is **DENIED**, and KCS's Motion to Strike is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about January 22, 2018, Plaintiff Cory Allen ("Plaintiff") was working as an engineer on a KCS train. Plaintiff became injured when Royal's tractor-trailer, driven by employee Emmett Battle ("Battle"), collided with the train. See Record Document 1. Plaintiff filed claims against Royal and Battle for Battle's negligent operation of the tractor trailer, Royal's negligent entrustment, and Royal's negligent hiring of Battle. See id. at 3. Pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, Plaintiff also filed a claim against his employer, KCS, for failing to provide a safe workplace. See id. KCS, in its answer to Plaintiff's Complaint, filed a cross claim against Royal arguing that Royal's negligent hiring, training, and supervision in addition to Battle's negligent

operation caused Plaintiff's injuries as well as damage to KCS's property. See Record Document 5.[1]

On April 8, 2020, Royal stipulated that Battle was acting within the course and scope of his employment when the collision occurred. In light of its stipulation, Royal filed a Motion for Partial Summary Judgment (Record Document 132) to dismiss any outstanding claims of negligent hiring, training, and supervision against Royal. This Court granted the motion. See Record Document 195.

KCS then filed the instant Motion for Summary Judgment on its cross claim asserting that Battle's gross negligence was the sole cause of the collision. See Record Document 142. KCS seeks either indemnification and recovery with damages to be determined or contribution from the Cross-Defendants Royal and Battle for any and all FELA personal injury damages sought by Plaintiff. See id. Royal opposed the motion and Battle subsequently adopted the opposition. See Record Documents 167, 169. Cherokee Insurance Company also filed an opposition to Royal's Motion for Summary Judgment. See Record Document 164.

In response, Royal moves to strike all references to Royal's decision to fire Battle, Battle's required training following the collision, and the traffic citation Battle received in connection with the collision made by KCS in its Motion for Summary Judgment. See Record Document 168. KCS also filed a Motion to Strike the declaration by R. Major Fant which Royal attached to its opposition to the Motion for Summary Judgment. See Record Document 179.

---

[1] Plaintiff subsequently filed an Amended Complaint (Record Document 20) realleging the initial claims while adding Cherokee Insurance Company as a defendant.

## LAW AND ANALYSIS

### I. Motions to Strike

Although the Motions to Strike filed by Royal and KCS were filed after KCS's Motion for Summary Judgment, the Court will address each before the Motion for Summary Judgment because they pertain to what evidence the Court may properly consider when evaluating summary judgment.

### A. Legal Standard

Federal Rule of Civil Procedure Rule 12(f) permits the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Cambridge Toxicology Group, Inc. v. Exnicios, 495 F.3d 169, 178 (5th Cir. 2007). Rule 12(f) motions to strike have long been disfavored by courts, and a grant of such a motion is to be used "sparingly." Augustus v. Bd. Of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962); see also Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953) ("Motion[s] to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.").

### B. Royal's Motion to Strike

In its motion, Royal takes issue with KCS's reference to Battle's citation, additional training, and employment termination following the collision. Royal asserts that any mention of this information by KCS is impermissible because it is inadmissible under Federal Rules of Evidence 403, 404, 407, 701, 702, 703, and 801. Specifically, Royal contends that any probative value in Battle's firing is substantially outweighed by prejudicial effect. Mention of Battle's additional training qualifies as a subsequent remedial measure and use of a citation is impermissible in a civil action arising out of the

same accident. See generally Fox v. NuLine Transport, LLC, 2020 WL 1536531 (W.D. La. 2020).

After reviewing KCS's Motion for Summary Judgment, the Court finds it unnecessary to strike the aforementioned information. Any mention of Battle's termination or subsequent training measures taken by Royal are few in number and have no bearing on KCS's argument in support of summary judgment. They are inconsequential and do not necessitate striking by this Court. The Motion to Strike filed by Royal (Record Document 168) is **DENIED**.

### C. KCS's Motion to Strike

KCS contends that the declaration of R. Major Fant attached to Royal's opposition to KCS's Motion for Summary Judgment must be removed from the Court's consideration because Royal made no effort to disclose Fant's information prior to the filing of the opposition. See Record Document 167, Exhibit B. Absent court order stating otherwise, Federal Rule of Civil Procedure 26 requires each party to disclose information such as witness lists and expert reports in compliance with the rule's deadlines. Fed. R. Civ. Proc. 26. While there have been numerous extensions of the discovery deadlines in the present case, the Magistrate Judge ordered all discovery to be complete by May 29, 2020. See Record Document 129. Royal's Memorandum in Opposition to the Motion for Summary Judgment was filed on July 8, 2020 and with it, the affidavit at issue, well past the discovery deadline. See Record Document 167. Thus, KCS's Motion to Strike Royal's attached declaration by R. Major Fant (Record Document 167, Exhibit B) is **GRANTED**.

## II. Motion for Summary Judgment

### A. Rule 56 Standard

Rule 56 of the F.R.C.P. provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." F.R.C.P. 56(a). A genuine dispute of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. See Geoscan, Inc. of Texas v. Geotrace Techs., Inc., 226 F.3d 387, 390 (5th Cir. 2000). In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (U.S. 1986) (internal quotations and citations omitted). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." F.R.C.P. 56(e)(3).

If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See Celotex, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (U.S. 1986); see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d 1069, 1075 (5th Cir. 1994). Where critical evidence is so weak or tenuous on an essential fact that it

could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). In reviewing a motion for summary judgment, the court must view "all facts and inferences in the light most favorable to the non-moving party." Rogers v. Bromac Title Servs., L.L.C., 755 F.3d 347, 350 (5th Cir. 2014).

In its Motion for Summary Judgment, KCS asserts that there is no genuine issue of material fact as to the cause of the collision. According to KCS, the collision was the result of Battle's gross negligence. He breached his duty as a motorist when he failed to heed the warnings and continued onto the tracks without stopping for the train. See Record Document 142-1. KCS further argues that it fulfilled its duty to act with reasonable care by exceeding the regulatory requirements for signals and warnings at the track crossing. KCS underscores that when a railroad fully complies with its duties regarding the safety of the railway crossing as it has in this case, the motorist in breach of his duty is solely liable for the accident. See Record Document 142-1.

In opposition, Royal and Battle argue that a train crew also has a duty to avoid a collision when the crew, acting as reasonably prudent persons, knew or should have known that the vehicle would not stop prior to crossing the tracks. See Record Document 167. Cherokee Insurance Company joins Royal and Battle's argument that whether the crew timely decided to pull the emergency brake is a fact intensive inquiry that precludes this Court from granting KCS's motion. See Record Document 167.[2] The Court is inclined to agree.

---

[2] It is noted by the Court that Royal and Battle proceed to address KCS's duties as employer to Plaintiff. However, these arguments are the subject of Plaintiff's FELA claim against KCS. The present summary judgment issue is not seeking judgment on the FELA claim and will not be discussed by the Court here.

The Motion for Summary Judgment calls on the Court to address the question of causation. As evidenced by the parties' memoranda, the Court believes this question remains in dispute. Furthermore, under Louisiana law, causation is a question of fact that is "inappropriate for disposition upon summary judgment." See Miller v. Mr. B's Bistro, 2005 WL 2036780, at * 3 (E.D. La. 8/3/05), citing Estate of Adams v. Home Health Care of La., 2000-2494 (La. 12/15/00), 775 So.2d 1064, 1064. For this Court to weed through the pleadings in hopes of ultimately reaching a decision as to which party caused the collision prematurely settles this case before reaching the jury. The analysis is further complicated by Plaintiff's remaining claims against KCS, Royal, Battle and Cherokee, all of which are reliant upon the answer to the causation question.

Because the Court believes the issue of causation is best left to trial on the merits, KCS's Motion for Summary Judgment (Record Document 142) is **DENIED**.

## CONCLUSION

For the foregoing reasons, KCS's Motion to Strike (Record Document 179) is **GRANTED**. Royal's Motion to Strike (Record Document 168) is **DENIED**. KCS's Motion for Summary Judgment (Record Document 142) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 2nd day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT